UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

DAVID A. GILBERT,	Case No. 13-30963-dof
	Chapter 13 Proceeding
Debtor.	Hon. Daniel S. Opperman
_____/

Opinion Regarding Objections of Trustee, Carl Bekofske,
and Debtor, David Gilbert, to Proof of Claim of Independent Bank

Introduction

The Chapter 13 Trustee, Carl Bekofske, and the Debtor, David Gilbert, object to the Proof of Claim of Independent Bank because it was filed on July 26, 2013, eleven days past the July 15, 2013, deadline for creditors such as Independent Bank to file a Proof of Claim. Independent Bank argues that it filed an informal Proof of Claim prior to the July 15, 2013, deadline by virtue of a Motion for Relief From Stay filed on April 18, 2013.

The Court conducted a hearing regarding the Objection of the Debtor on September 17, 2013, and took this matter under advisement. Subsequently, Independent Bank has filed a supplemental brief that the Court has considered.

Findings of Fact

The Debtor filed a petition seeking relief under Chapter 13 of the Bankruptcy Code on March 19, 2013. In his Schedules filed on that day, the Debtor listed Independent Bank as a creditor holding a security interest in a 2007 Premier Alante Pontoon Boat and Motor (the "Boat"). The Debtor valued the Boat at $17,000.00 and listed the debt owed to Independent Bank at $24,251.22. In his Chapter 13 Plan, the Debtor proposed to surrender the Boat to Independent Bank. The

1

Debtor's Chapter 13 Plan, which utilized the model plan for this district, is for a 60 month term with payments of $1,590.00 per month for 55 months and $1,954.00 per month for the remaining 5 months. The Debtor's Chapter 13 Plan is a base plan and does not propose to pay unsecured creditors 100%. Finally, the Chapter 13 Plan contains the standard additional terms, conditions, and provisions, specifically paragraph P:

> P. SURRENDER OF COLLATERAL: Those claims that are treated pursuant to 11 USC § 1325(a)(5)(C) (surrender of collateral) are so designated in this Plan. Upon confirmation, the Automatic Stay and Co-Debtor Stay is lifted as to the collateral and any creditor to whom the property is surrendered and the collateral shall no longer constitute property of the estate. No disbursement shall be made by the Trustee to any creditor whose claim is secured by the collateral being surrendered unless the holder of such claim files a Proof of Claim (or Amended Proof of Claim) after the Effective Date of the Plan setting forth the amount of any deficiency remaining after disposition of the collateral. Any allowed deficiency claim shall be paid as a general unsecured claim in Class 9 of the Plan. *See Federal Rule of Bankruptcy Procedure 3002.1.*

On March 20, 2013, the Court set various deadlines governing the administration of this Chapter 13 case. In particular, the Court set a first meeting of creditors date of April 16, 2013, a deadline to object to confirmation of May 7, 2013, and a confirmation hearing date of May 14, 2013. The Court also set a deadline for the filing of Proofs of Claim of July 15, 2013.

The first meeting of creditors was held on April 16, 2013, and concluded. Two days later, on April 18, 2013, Independent Bank filed a Motion for Relief From Stay regarding the Boat. In particular, the Motion for Relief From Stay stated the following:

> 5. There remains due and owing on the Retail Installment Contract referenced in paragraph four hereof, the sum of $24,157.47 plus interest.
>
> . . .
>
> 7. Creditor believes that the Collateral has a value of $17,900.00 according to debtor's schedules and that David A. Gilbert may have little or no equity in the property that is the subject of its Retail Installment Contract and that said property may be of inconsequential value to the estate.

. . .

10. Pursuant to Debtor's Chapter 13 Plan, Debtor proposes to surrender the above-referenced collateral.

As a result, Independent Bank requested the following relief:

WHEREFORE, Independent Bank prays this honorable Court Order that the automatic stay be lifted so as to permit Independent Bank to proceed to enforce its security interest in the property.

The Debtor did not file a response to the Motion for Relief From Stay of Independent Bank and this Court entered an Order Granting Independent Bank's Motion for Relief From Stay on May 10, 2013.

Subsequently, Independent Bank took possession of the Boat and sold it. Also during this time period, the Chapter 13 Trustee objected to the Debtor's Chapter 13 Plan and the May 14, 2013, confirmation hearing date was adjourned numerous times, the most recent adjournment being to October 22, 2013.

On July 11, 2013, Independent Bank sent a letter to the Debtor reporting the sale of the Boat with the indication that there was a deficiency of $14,254.35. Although it is not clear from the subsequent Proof of Claim filed by Independent Bank, it appears that the Boat was sold on or about July 7, 2013, as evidenced by a Closing Statement of that date from Castaway Yacht Sales, LLC.

Independent Bank filed its Proof of Claim in the amount of $14,254.35 on July 26, 2013. The Debtor filed his Objection to this Proof of Claim on August 6, 2013, and Independent Bank responded on August 12, 2013. Additionally, the Chapter 13 Trustee objected to the Proof of Claim of Independent Bank on September 16, 2013, which Independent Bank responded to on September 26, 2013.

<u>Jurisdiction</u>

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) (allowance or disallowance of claims against the estate).

All issues before the Court arise out of Title 11 of the United States Code and do not involve issues which limit this Court's jurisdiction as raised in the cases of *Stern v. Marshall*, 131 S. Ct. 2594 (2011) and by the Sixth Circuit Court of Appeals in *Waldman v. Stone*, 698 F.3d 910 (6th Cir. 2012).

<u>Analysis</u>

The Court begins its analysis with the rule that late filed claims are not otherwise allowed if notice is properly given in a Chapter 13 proceeding. *Internal Revenue Service v. Chavis (In re Chavis)*, 47 F.3d 818 (6th Cir. 1995). As stated by the Sixth Circuit Court of Appeals, late filed claims should not be allowed "so that the efficacy of the plan may be determined in light of the debtor's assets, debts and forseable earnings." *Id.* at 824.

The United States Supreme Court has likewise reminded litigants and courts of the importance of deadlines, such as in the case of *Taylor v. Freeland & Kronz,* 503 U.S. 638 (1992), in which the United States Supreme Court stated:

> Deadlines may lead to unwelcome results, but they prompt parties to act and they produce finality.

*Id.* at 644.

On the other hand, the United States Supreme Court has also recognized the concept of an informal Proof of Claim for over a century in the cases of *Hutchinson v. Otis*, 190 U.S. 552 (1903) and *J.B Orcutt Co. v. Green*, 204 U.S. 96 (1907). More recently, the Sixth Circuit Court of Appeals

in *Barlow v. M.J. Waterman & Assoc., Inc. (In re M.J. Waterman & Assoc., Inc.)*, 227 F.3d 604, 608 (6th Cir. 2000) reaffirmed this concept. As stated by the Sixth Circuit Court of Appeals:

> Creditors who have failed to adhere to the strict formalities of the Bankruptcy Code but who have taken some measures to protect their interests in the bankruptcy estate may be able to preserve those interests by showing that they have complied with the spirit of the rules. . . . The intent of the informal Proof of Claim concept is to alleviate problems with form over substance; that is, equitably preventing the potentially devastating effect of the failure of a creditor to formally comply with the requirements of the Code in the filing of a Proof of Claim, when, in fact, pleadings filed by the party asserting the claim during the claims filing period in a bankruptcy case puts all parties on sufficient notice that a claim is asserted by a particular creditor.

*Id.* at 608-09.

The *Waterman* Court continued, however:

> Creditors who ignore the formalistic requirements of the Code do so at their own peril, however, as they run the risk of being denied use of the informal proof of claims doctrine if their pre-bar date actions do not meet the standards imposed in their jurisdiction. These standards are designed to protect the interests of the debtor as well as the other creditors who saw fit to follow the Code's rules and whose interests may be directly affected by the delinquent creditor's failure to file in a timely fashion. It is a delicate balance. On the one hand we do not wish to enact too heavy-handed a measure to punish a creditor who may not have strictly adhered to the formalities of the filing requirements, but whose actions were sufficient to put the court and the debtor on notice of his or her intention to seek to hold the debtor liable. On the other hand, we must protect the rights and interests of the parties at interest whose diligence entitles them to a timely distribution of the estate.

*Id.* at 609.

As a result, the *Waterman* Court set the following analytical framework:

[T]his jurisdiction has settled on a four elements. . .:
1. The proof of claim must be in writing;
2. The writing must contain a demand by the creditor on the debtor's estate;
3. The writing must express an intent to hold the debtor liable for the debt; and
4. The proof of claim must be filed with the bankruptcy court.

*Id.* at 609.

In addition, the *Waterman* Court directs this Court to analyze whether the allowance of an informal proof of claim would be equitable under the circumstances. *Id.* at 609-10. In *Waterman*, the Sixth Circuit Court of Appeals reversed the District Court and affirmed the Bankruptcy Court's decision that the claimant met the first four elements, but failed as to the fifth element and, therefore, disallowed the claim. In *Waterman*, the claimant had filed a number of pleadings that were labeled "multiple," "voluminous" and "imprecise".

Independent Bank cited to the Court the case of *In re Constance Dietz*, Case No. 90-12339 decided by this Court on January 10, 1992. Although *Dietz* pre-dates *Waterman*, Judge Spector applied either the *Waterman* conditions or a very close variation of those conditions to conclude that an informal claim had been filed, and the claimant was entitled to treatment as a timely filed claim.

Independent Bank argues that the Motion for Relief From Stay satisfies the *Waterman* elements and that as a result its Proof of Claim filed on July 26, 2013, is timely. At first blush, the Motion for Relief From Stay satisfies the first and fourth elements of *Waterman*.

As to the second element, the Motion for Relief From Stay does not make a specific demand for payment on the Debtor's estate, but merely states that the amount due on the Retail Installment Contract signed by the Debtor was $24,157.47, plus interest. Moreover, the nature of the relief requested in the Motion for Relief From Stay seeks to allow the creditor the right to repossess the Boat and sell it. A close reading of the Motion for Relief From Stay does not lead to a conclusion that Independent Bank intended to have the estate or the Debtor held responsible for the debt. Rather, the Motion for Relief From Stay merely asks that this Court lift the automatic stay to permit Independent Bank to proceed to enforce its security interest in the property. In comparison, in *Dietz* the creditor had a judgment against the debtor and sent a letter to the Chapter 13 trustee stating that

6

the debtor owed the claimant over $20,000.00, yet was buying expensive jewelry. Judge Spector took an expansive reading of this letter to conclude that the creditor intended to have the debtor repay it back.

In contrast, the creditor in this case, a sophisticated financial institution represented by extremely competent counsel, merely asked this Court for relief from the automatic stay. At best, this Court analyzes the second and third elements of *Waterman* and concludes that Independent Bank may have a slight edge in its favor.

*Waterman* also instructs this Court to analyze whether the allowance of the claim is equitable under the circumstances. Here, Independent Bank points to the model plan language and asserts that the plan itself contemplates the late filing of claims. In particular, paragraph P indicates that when property is surrendered to a secured creditor, that secured creditor may take that property and then file a Proof of Claim after the effective date. The effective date of a plan is the date of confirmation, which in this case could be as early as May 14, 2013. In this case, by stipulation, the parties have adjourned the confirmation date and thus no effective date has yet been established for the Debtor's Chapter 13 Plan. Applied to this case, Independent Bank argues that since the effective date has not yet occurred, it is allowed to file a claim after the Boat was surrendered to it. While chronologically true, Independent Bank ignores the possibility that the effective date could have been as early as May 14, 2013, the first date of confirmation. Accordingly, per the Chapter 13 Plan, Independent Bank could take the Boat and sell it, and still file a Proof of Claim prior to the claim deadline. Procedurally, therefore, Independent Bank would still be allowed approximately two months, from May 14, 2013, to July 15, 2013, to exercise its rights and still file a timely Proof of Claim. Moreover, the Court notes that the model plan does not specifically extend the deadline to file a Proof of Claim, but merely allows the argument to be made as proffered by Independent Bank in this

7

case.

What Independent Bank ignores in this scenario is that it had the right and opportunity to file a Proof of Claim either at the same time that it filed the Motion for Relief From Stay and subsequently amend the Proof of Claim, file a Proof of Claim closer to the July 15, 2013, deadline, or seek an extension of the deadline by way of either stipulation or motion. Independent Bank does argue that it could not have complied with the notice requirements under the Michigan version of the Uniform Commercial Code and still filed a timely Proof of Claim, but has not stated why a Proof of Claim was not filed earlier and subsequently amended, as it did on July 26, 2013.

In balancing the equities, the Court must also consider the stress placed on the administration of the Chapter 13 cases by the Court and the Chapter 13 Trustee, as well as the effect the application of an informal claim process would have for other creditors. First, the Court notes that this Court oversees thousands of Chapter 13 cases each year and that Trustee Bekofske likewise is required to administer, on a much more in-depth basis, the day-to-day developments of these Chapter 13 cases and, more importantly, at least to creditors, make monthly payments on claims. The allowance of late filed claims on an informal basis could indeed wreak havoc on the Chapter 13 system much like that acknowledged in *Cook v. Commissioner of Social Security*, 480 F.3d 432 (6th Cir. 2007), where the Sixth Circuit Court of Appeals observed:

> Although allowing Cook to file its complaint one day late likely would create little prejudice to the Commissioner in this particular case, we are mindful of the fact that there are millions of applicants for social security benefits each year, and the lack of a clear filing deadline could create havoc in the system.

*Id.* at 437.

Moreover, the Court must consider the impact of allowing an informal claim on other creditors who took the time and effort to file a Proof of Claim properly and followed the rules in doing so. In particular, the Court notes that in this case, eight other creditors were able to file a Proof

of Claim by July 15, 2013, and two of the creditors filed on July 15, 2013. If this is a base plan, these creditors would receive less if the late claim of Independent Bank is allowed. If this is a 100% plan, these creditors would receive their payment later and may not receive all of their payment if the Debtor cannot complete his plan.

The Court has also considered the prejudice to the Debtor in this case and finds that element not to be determinative. Here, the Debtor clearly knew that if the Boat was surrendered he would have a deficiency balance owed to Independent Bank. While he may have thought that the deficiency balance would be much less than the $14,254.35 claimed by Independent Bank, he certainly knew that some monies would be owed by him to Independent Bank. While at first blush this analysis may not be important because the Debtor proposes a base plan, a review of the objection raised by the Trustee in this case reveals that the Trustee believes that creditors should receive much more, possibly up to a 100% of their claims. Because of the difference of opinion between the Debtor and the Trustee, the Court gives no weight to the equity in favor of the Debtor.

After analyzing these elements, the Court concludes that the fifth element of *Waterman* weighs against allowing the Proof of Claim. Independent Bank has not given a convincing reason why it did not file a more definite request for payment earlier, especially when it had the opportunity to do so in the Motion for Relief From Stay or in a subsequent pleading asking for additional time to file a Proof of Claim. Moreover, Independent Bank could have filed a Proof of Claim anytime before the July 15, 2013, deadline, a task other creditors were able to do timely. Second, the sheer volume of claims that this Court is called upon to handle, as well as the claims called upon by the Chapter 13 Trustee to review, administer, and pay, require that certain deadlines be set and followed. Finally, the allowance of an informal Proof of Claim with these facts unfairly punishes those creditors who found the time and took the effort to file a Proof of Claim timely.

9

For these reasons, the Court sustains the Objections of the Debtor and the Chapter 13 Trustee to the Proof of Claim of Independent Bank. Counsel for Debtor shall prepare and submit an appropriate Order.

**Not for Publication**

```
Signed on October 23, 2013
                                            /s/ Daniel S. Opperman
                                        Daniel S. Opperman
                                        United States Bankruptcy Judge
```